### STEIL *et al.* v. JONES *et al.*

No. 4263.   Opinion Filed May 18, 1915.

Rehearing Denied October 12, 1915.

(151 Pac. 845.)

**INDIANS — Allotments — Alienation — Gift — Validity.** Prior to the taking effect of the act of Congress approved April 21, 1904 (33 Stat. 204, c. 1402), removing restrictions upon the alienation of lands of allottees not of Indian blood, a Creek freedman was without power to convey lands allotted to him, and an attempted gift of a part of such lands was inoperative and void.

(Syllabus by Bleakmore, C.)

*Error from District Court, Wagoner County;*
    *R. C. Allen, Judge.*

Action by M. F. Steil and another against Winnie Jones and others. Judgment for defendants, and plaintiffs bring error. Reversed, with directions.

*Jesse W. Watts, Chas. G. Watts, Edward M. Gallaher,* and *Alvin F. Molony,* for plaintiffs in error.

*Sponsler & Graves,* for defendants in error.

Opinion by BLEAKMORE, C. This case presents error from the district court of Wagoner county. The parties appear here as in the court below.

The petition alleges, in substance, that Tinnie Morey, a Creek freedman citizen, died in the latter part of 1904 or early in 1905, intestate, seised and possessed of an allotment of 140 acres of land situate in Wagoner county, and left surviving her ten adult children, Levi, Jackson, Isaac, Ray, and Ernest Morey, Pinkie Barnett, Mary Murrell, Katie Hardridge, Winnie Jones, and Sarah Francis, and her husband, Jacob Morey, the defendants; that the land descended to said children in equal parts, subject to the curtesy of the husband; that subsequent to April 21, 1904, plaintiffs purchased the interests therein of all of said defendants, except Winnie Jones and Sarah Francis, and are the owners of eight-tenths of the fee, and the life estate of the surviving husband, and are entitled to the possession of said land; but that defendants Isaac and Ernest Morey are cultivating a small portion of the same, and are withholding possession of all thereof from plaintiffs.

The defendants answered; Isaac Morey claiming 20 acres of the land as a gift. The pleadings relative to the interests of the other defendants need not be considered. A jury was sworn, but by agreement of the parties was discharged, and the cause tried to the court. At the trial,

after plaintiffs had introduced evidence and rested, defendant Isaac Morey was permitted to file a cross-petition alleging that during the year 1904 he entered into an agreement with Tinnie Morey whereby he was to take possession of the south 20 acres of the said real estate and occupy the same, clear what portion of the said land he desired, erect his own residence thereon, and have and hold the same as his separate property; that, pursuant to said agreement, he did so enter upon said real estate and clear about 10 acres thereof, erect a house thereon of the value of $500, and put other lasting and substantial improvements thereon of the value of $150, and has ever since held and maintained the same as his place of abode, all of which the plaintiffs had notice of at all times, and said agreement was so made and carried out with the full knowledge, consent, and concurrence of the said Jacob Morey.

Plaintiffs answered said cross-petition, denying the gift, and alleging: For further answer, plaintiffs state that, if all things and matters set up in defendant Isaac Morey's cross-petition are true, he is estopped to assert any interest in the land claimed by him, for the reason that on the 18th day of July, 1906, said Isaac Morey conveyed to L. E. Hood, for valuable consideration, all his right, title, and interest in and to all the lands involved in this action; that subsequently thereto said Hood conveyed by warranty deed all the land involved in this suit to B. V. Leonard; that on the 16th day of December, 1907, and January 21, 1910, said B. V. Leonard, by proper warranty deed signed and delivered, conveyed to these plaintiffs all his right, title, and interest in and to said land.

The court rendered the following judgment:

"* * * Parties, being ready, introduce evidence to sustain the issues, and after the introduction of evidence, argument of counsel, the court, being well and sufficiently advised, finds that it has jurisdiction of the parties and subject-matter of this action, and that by conveyances herein the plaintiffs are the owners of the life estate of all the land involved herein, except the N. ½ of N. E. ¼ of N. E. ¼ of section 28, township 16 north, range 18 east, and that plaintiffs are the owners of all the fees in and to the land described as follows: N. E. ¼ of S. E. ¼ and W. ½ of S. E. ¼ of S. E. ¼ of section 21, township 16 north, range 18 east, and N. W. ¼ of S. W. ¼ and S. ½ of S. W. ¼ of N. W. ¼ of section 22, township 16 north, range 18 east, Wagoner county—except that interest owned by Sarah Francis and Winnie Jones, to wit, a one-tenth interest each.

"The court further finds that by and under the agreement between Isaac Morey, Tinnie Morey, Jacob Morey, and the remaining heirs of Tinnie and Jacob Morey, the said Isaac Morey became seised and possessed in his own right of all right, title, and interest in fee, in and to the following described tract of land, to wit: N. ½ of N. E. ¼ of N. E. ¼ of section 28, township 16 north, range 18 east—and that by his deed, bearing date of July 18, 1906, said Isaac Morey conveyed to L. E. Hood all his right, title, and interest in and to all the land herein described, except the last described; that the claims of the plaintiffs in and to the last-described tract of real estate are unlawful, and a cloud upon the title of said Isaac Morey to said land; that plaintiffs, nor neither of them, have any interest in and to said real estate or claim thereto, either in law or equity; that said Isaac Morey is entitled to possession of said real estate and entitled to enjoy the benefits thereof.

"It is therefore considered, ordered, adjudged, and decreed that plaintiffs have judgment against each and all of the defendants for all right, title, and interest in and to the life estate in and to the following described

land, to wit: N. E. ¼ of S. E. ¼ and W. ½ of S. E. ¼ of S. E. ¼ of section 21, township 16 north, range 18 east, and N. W. ¼ of S. W. ¼ and S. ½ of S. W. ¼ of N. W. ¼ of section 22, township 16 north, range 18 east, Wagoner county.

"It is further considered, ordered, adjudged, and decreed that plaintiffs have judgment against all of the defendants, except Sarah Francis and Winnie Jones, for all right, title, and interest in and to the land last described; that defendants Sarah Francis and Winnie Jones have judgment against each and all of the defendants and plaintiffs for an undivided one-tenth interest each in and to the land last described.

"It is further considered, ordered, adjudged, and decreed that Isaac Morey have judgment against the plaintiffs and all of his codefendants for all right, title, and interest, both legal and equitable, in and to the N. ½ of N. E. ¼ of N. E. ¼ of section 28, township 16 north, range 18 east, Wagoner county; that his title to same is hereby forever quieted as against M. F. Steil and Matt Steil and each of his codefendants herein; and that they and each of them are forever enjoined from interfering with the rights of Isaac Morey therein and thereto.

"It is further considered, ordered, adjudged, and decreed that title be, and same is hereby, quieted in plaintiffs, and in defendants Sarah Francis and Winnie Jones, as herein set out."

Concerning the time when certain conversations were had by him with his deceased mother, Tinnie Morey, which by the court are found to constitute a gift of the 20 acres of land, title to which is adjudged to be in him, the defendant Isaac Morey testified:

"Q. When was this understanding with your mother; what year was it? A. Well, it would been a year and some months before she died, I guess. Q. How is that? A. It was a year and some months before she died."

Mary Murrell testified:

"Q. You are one of the daughters of Tinnie Morey? A. Yes, sir. Q. And a sister of Isaac Morey? A. Yes, sir. Q. Mary, do you remember what year your mother died? A. In 1904. Q. Late in the fall was it? A. I think it was in the second fall, in October."

This was all the evidence as to the time when the alleged parol gift was made.

By section 16 of an act of Congress approved June 30, 1902 (32 Stat. 503, c. 1323), and ratified by the Creek Nation July 26, 1902, known as the Supplemental Agreement, it was provided:

"Lands allotted to citizens shall not in any manner whatever, or at any time be incumbered, taken, or sold to secure or satisfy any debt or obligation nor be alienated by the allottee or his heirs before the expiration of five years from the date of the approval of this supplemental agreement, except with the approval of the Secretary of the Interior."

It was further provided by act of Congress approved April 21, 1904:

"And all the restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood, except minors, are, except as to homesteads, hereby removed."

Under the provisions of these acts of Congress, it is the settled law in this jurisdiction that the deceased, Tinnie Morey, prior to April 21, 1904, was without power to alienate any part of her allotted lands, and any attempted conveyance thereof by her was void. She died in the fall of 1904. The only evidence of the transaction adjudged by the court to establish the gift by her of the land in question to Isaac Morey shows that it took place

"a year and some months" prior to her death, at a time when such land was inalienable. Therefore, regardless of her then intention and endeavor, or the subsequent conduct of the donee in improving and taking possession of the property, the gift was inoperative and void.

The court erred in adjudging title to the north half of the northeast quarter of the northeast quarter of section 28, township 16 north, range 18 east, to be in Isaac Morey.

The judgment in this respect should be reversed, and the trial court is directed to render judgment in accordance with the prayer of the petition.

By the Court: It is so ordered.